FILED

2017 JUL 20  PM 1:28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 17CR0452 |
| Plaintiff, | **I N D I C T M E N T** |
| v. | [26 U.S.C. § 7212(a): Corruptly Endeavoring to Impede the Internal Revenue Service; 26 U.S.C. § 7206(1): Making and Subscribing a False Tax Return; 18 U.S.C. § 1001(a)(1): Concealing Material Facts; 18 U.S.C. § 1001(a)(2): Making False Statements] |
| TEYMOUR KHOUBIAN, | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all relevant times to this Indictment:

1. Defendant TEYMOUR KHOUBIAN was either a legal permanent resident of the United States or a United States citizen, and a resident of Beverly Hills and Tarzana, California.

15663188.1

2.   Bank Leumi le-Israel B.M. ("Bank Leumi Israel") was a large financial institution headquartered in Tel-Aviv, Israel.

3.   Commerzbank AG ("Commerazbank") was a large financial institution headquartered in Frankfurt, Germany.

4.   The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States.

5.   United States citizens, resident aliens, and legal permanent residents of the United States were required to file an individual income tax return with the IRS reporting their worldwide income for each year if their gross income exceeded a certain amount.

6.   For tax years 2005 through 2010, the IRS required on Form 1040, Schedule B, Part III, Line 7a, that every taxpayer answer the following question by checking a "Yes" or "No" box: "At any time during [the calendar year], did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?"  If the answer to the question posed on Line 7a was "Yes," and other exceptions not relevant here did not apply, then the box on line 7a had to be checked "Yes."  If the "Yes" box on line 7a was checked, then Line 7b required the taxpayer to enter the name of the foreign country or countries in which the financial account or accounts were located.

7.   For tax year 2011, the IRS required on Form 1040, Schedule B, Part III, Line 7a, that every taxpayer answer the following question by checking a "Yes" or "No" box: "At any time during [the calendar year], did you have a financial interest in or signature authority over a financial account, such as a bank account, securities account, or other financial account, located in a foreign country?"  If the answer to the question posed on Line 7a was "Yes," the taxpayer was required to answer the following question: "If 'Yes,' are you required to file Form TD F 90-22.1 to report that financial interest or signature authority?"  If the answer to that question was "Yes," then Line 7b required the taxpayer to enter the name of the foreign country or countries in which the financial account or accounts were located.

8.   United States citizens, resident aliens, and legal permanent residents of the United States who had a financial interest in, or signature or other authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular calendar year were required to file with the Department of the Treasury a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1 (later renamed FinCen Form 114)(hereinafter referred to as an "FBAR").  The FBAR for the applicable calendar year was due by June 30 of the following year.

9.   An "undeclared bank account" was a financial account maintained in a foreign country that was not reported to the United States government on a tax return and an FBAR.

15663188.1

10. On September 12, 2012, IRS-CI Special Agents interviewed defendant TEYMOUR KHOUBIAN regarding his undeclared bank accounts at Bank Leumi Israel. On or about April 18, 2013, defendant TEYMOUR KHOUBIAN was served a subpoena to produce documents related to his financial interest in, and signature authority over, foreign financial and bank accounts.

11. There were a variety of tax credits that reduced a taxpayer's tax due and owing and, in certain instances, provided a taxpayer with a refund even when no tax was due and owing. The following credits were available to taxpayers provided the taxpayer's Adjusted Gross Income ("AGI") did not exceed certain income limitations:

    a. The Earned Income Credit ("EIC") was a benefit for working people with low to moderate income. The EIC income limits varied from 2005 to 2010, but for all of those years, a taxpayer with two qualifying dependents who filed a tax return could not claim the EIC if his modified AGI exceeded $50,000;

    b. The Child Tax Credit ("CTC") was a federal income tax credit that could reduce an individual's income tax liability. The CTC provided a credit of up to $1,000 per child under age 17. If a tax filer owed less tax than the amount of CTC, the tax filer could still be eligible to receive a tax refund based on a refundable credit called the Additional Child Tax Credit ("ACTC"). The CTC and ACTC phased out for a married taxpayer

4

whose modified AGI exceeded $130,000 for one qualifying child and $150,000 for two qualifying children;

c. In 2009 and 2010, the Making Work Pay provision of the American Recovery and Reinvestment Act of 2009 provided a refundable tax credit of up to $400 for working individuals and up to $800 for married taxpayers filing joint returns. A taxpayer whose modified AGI exceeded $190,000 was not eligible to receive The Making Work Pay Credit.

12. The Grand Jury hereby repeats, re-alleges, and incorporates by reference Paragraphs 1 through 11 in Counts One through Seven of this Indictment as though fully set forth therein.

/ / /

## COUNT ONE

[26 U.S.C. § 7212(a)]

13. From at least April 15, 2006, the exact date being unknown to the Grand Jury, and continuing thereafter until at least October 2014, in Los Angeles County, in the Central District of California, and elsewhere, defendant TEYMOUR KHOUBIAN did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws, by committing acts, including but not limited to the following:

    a. on or about April 15, 2006, filing a false 2005 U.S. Individual Income Tax Return, Form 1040, that sought and received an EIC of $1,566 and an ACTC of $1,000, failed to report his financial interest in financial accounts in Germany and Israel, and failed to report any interest income earned on assets totaling approximately $15,000,000 held in undeclared bank accounts defendant TEYMOUR KHOUBIAN jointly owned at Bank Leumi Israel;

    b. on or about April 15, 2007, filing a false 2006 U.S. Individual Income Tax Return, Form 1040, that sought and received an EIC of $3,511 and an ACTC of $1,000, failed to report his financial interest in financial accounts in Germany and Israel, and failed to report any interest income earned on assets totaling approximately $16,000,000 held in undeclared bank accounts defendant TEYMOUR KHOUBIAN jointly owned at Bank Leumi Israel;

    c. on or about October 16, 2008, filing a false 2007 U.S. Individual Income Tax Return, Form 1040, that sought a CTC of $1,000, failed to report his financial interest in financial

accounts in Germany and Israel, and failed to report any interest income earned on assets totaling approximately $17,000,000 held in undeclared bank accounts defendant TEYMOUR KHOUBIAN jointly owned at Bank Leumi Israel;

  d. on or about April 15, 2009, filing a false 2008 U.S. Individual Income Tax Return, Form 1040, that sought and received an EIC of $2,350, failed to report his financial interest in financial accounts in Germany and Israel, and failed to report any interest income earned on assets totaling approximately $20,000,000 held in undeclared bank accounts defendant TEYMOUR KHOUBIAN jointly owned at Bank Leumi Israel;

  e. in 2009, providing Commerzbank with a copy of his Iranian passport and a address located in Israel in order to prevent his account in Germany from being disclosed to the IRS;

  f. on or about April 15, 2010, filing a false 2009 U.S. Individual Income Tax Return, Form 1040, that sought and received an ACTC of $1,000 and the Making Work Pay Tax Credit of $800, failed to report his financial interest in financial accounts in Germany and Israel, and failed to report any interest income earned on assets totaling approximately $18,000,000 held in undeclared bank accounts defendant TEYMOUR KHOUBIAN jointly owned at Bank Leumi Israel;

  g. on or about April 15, 2011, filing a false 2010 U.S. Individual Income Tax Return, Form 1040, that claimed an ACTC of $1,000 and the Making Work Pay Tax Credit of $800, failed to report his financial interest in financial accounts in Germany and Israel, and failed to report any interest income earned on assets totaling approximately $19,000,000 held in

15663188.1

undeclared bank accounts defendant TEYMOUR KHOUBIAN jointly owned at Bank Leumi Israel;

  h. in and around 2011 and 2012, repeatedly obstructing a Bank Leumi Israel employee's attempt to obtain a signed Request for Taxpayer Identification Number and Certification, Form W-9, when requested to do so by Bank Leumi Israel regarding his undeclared bank accounts;

  i. on or about December 6, 2011, transmitting a letter to Bank Leumi Israel wherein defendant TEYMOUR KHOUBIAN falsely claimed he was living in Iran when, in fact, he resided in Beverly Hills, California;

  j. from April 2006 up until at least April 2011, causing the joint owner of the undeclared bank accounts defendant TEYMOUR KHOUBIAN held at Bank Leumi Israel to file false tax returns that failed to disclose the existence of the Bank Leumi Israel accounts and failed to report any interest earned on the accounts;

  k. preparing and filing, and causing to be prepared and filed, a false 2011 FBAR, in the name of the joint owner of defendant TEYMOUR KHOUBIAN's accounts at Bank Leumi Israel, which disclosed a foreign financial account in the amount of approximately $30,000 held at another foreign bank, but failed to disclose the Bank Leumi Israel accounts that had an aggregate value of approximately $19,000,000 during 2011;

  l. filing false and incomplete FBARs, for years 2012 and 2013, which failed to disclose a foreign financial account in which defendant TEYMOUR KHOUBIAN had a financial interest and

signature authority over at Commerzbank in Germany with an aggregate value in excess of approximately $200,000; and

   m. on or about October 7, 2014, making false statements to an IRS Criminal Investigation Special Agent as follows:  (i) he did not own a bank account in Germany during 2005 through 2010; (ii) he closed his bank account in Germany many years ago and moved all of the money to the United States; and (iii) none of the money in his bank account in Germany was moved to Israel.

/ / /

15663188.1

## COUNT TWO

[26 U.S.C. § 7206(1)]

14. On or about April 15, 2010, in Los Angeles County, within the Central District of California, defendant TEYMOUR KHOUBIAN did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for tax year 2009, which was verified under the penalties of perjury and which he did not believe to be true and correct as to every material matter in that the Form 1040, which was filed with the Internal Revenue Service: (a) reported on line 22 total income of $20,658, whereas defendant TEYMOUR KHOUBIAN then knew that his income exceeded $20,658; and (b) failed to disclose, on Schedule B, Part III, line 7a, defendant TEYMOUR KHOUBIAN's interest in, and signature and other authority over, bank, securities, and other financial accounts at Bank Leumi Israel and Commerzbank in Germany, whereas defendant TEYMOUR KHOUBIAN then knew that he had such interest in, and authority over, those foreign financial accounts.

///

15663188.1

## COUNT THREE

[26 U.S.C. § 7206(1)]

15. On or about April 15, 2011, in Los Angeles County, within the Central District of California, defendant TEYMOUR KHOUBIAN did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for tax year 2010, which was verified under the penalties of perjury and which he did not believe to be true and correct as to every material matter, in that the Form 1040, which was filed with the Internal Revenue Service, (a) reported on line 22 total income of $29,972, whereas defendant TEYMOUR KHOUBIAN then knew that his income exceeded $29,972; and (b) falsely reported, on Schedule B, Part III, line 7a, that defendant TEYMOUR KHOUBIAN did not have an interest in, and signature and other authority over, a bank, securities, and other financial account held in a foreign country, whereas defendant TEYMOUR KHOUBIAN then knew that he had such interest in, and authority over, foreign financial accounts held at Bank Leumi Israel and Commerzbank in Germany.

///

15663188.1

## COUNT FOUR

[26 U.S.C. § 7206(1)]

16. On or about October 16, 2012, in Los Angeles County, within the Central District of California, defendant TEYMOUR KHOUBIAN did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for tax year 2011, which was verified under the penalties of perjury and which he did not believe to be true and correct as to every material matter, in that the Form 1040, which was filed with the Internal Revenue Service, (a) reported on Schedule B, Part I, line 1 that he received $32,450 in interest income from "Bank Leumi Tel Aviv", whereas defendant TEYMOUR KHOUBIAN then knew that he received interest income from Bank Leumi Israel in a greater amount; (b) falsely reported on Schedule B, Part III, Line 7a, Question 2, that he was not required to file an FBAR, TD F 90-22.1, whereas defendant TEYMOUR KHOUBIAN then knew he was required to file an FBAR; and (c) failed to enter, on Schedule B, Part III, line 7b, the name of any foreign country in which any foreign financial account was located, whereas defendant TEYMOUR KHOUBIAN then knew that he had an interest in, and signature authority over, one or more financial accounts located in Germany.

/ / /

15663188.1

## COUNT FIVE

[18 U.S.C. § 1001(a)(1)]

17. The Grand Jury hereby repeats, re-alleges, and incorporates by reference paragraph 13(a) through (m) of this Indictment as though fully set forth herein.

18. On or about June 20, 2013, in Los Angeles County, within the Central District of California and elsewhere, defendant TEYMOUR KHOUBIAN, did willfully and knowingly conceal and cover up by trick, scheme and device a material fact which he had a duty to report, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely the Department of the Treasury, to wit: defendant TEYMOUR KHOUBIAN submitted and caused to be submitted to the Department of Treasury an FBAR, TD F 90-22.1, that concealed and covered up the fact that during calendar year 2012, he had a financial interest in, and signature authority over, a bank, securities, and other financial account at Commerzbank in Germany with an aggregate value in excess of $10,000.

/ / /

15663188.1

## COUNT SIX

[18 U.S.C. § 1001(a)(1)]

19. The Grand Jury hereby repeats, re-alleges, and incorporates by reference paragraph 13(a) through (m) of this Indictment as though fully set forth herein.

20. On or about June 28, 2014, in Los Angeles County, within the Central District of California and elsewhere, defendant TEYMOUR KHOUBIAN, did willfully and knowingly conceal and cover up by trick, scheme and device a material fact which he had a duty to report, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely the Department of the Treasury, to wit: defendant TEYMOUR KHOUBIAN submitted and caused to be submitted to the Department of Treasury an FBAR, FinCen Form 114, that concealed and covered up the fact that, during calendar year 2013, he had a financial interest in, and signature authority over, a bank, securities, and other financial account at Commerzbank in Germany with an aggregate value in excess of $10,000.

///

15663188.1

## COUNT SEVEN

[18 U.S.C. § 1001(a)(2)]

21. On or about October 7, 2014, in Los Angeles County, within the Central District of California, defendant TEYMOUR KHOUBIAN, did willfully and knowingly make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, namely the Internal Revenue Service, by falsely stating to an IRS Criminal Investigation Special Agent as follows: (i) he did not own a bank account in Germany during 2005 through 2010; (ii) he closed his bank account in Germany many years ago and moved all of the money to the United States; and (iii) none of the money in his bank account in Germany was moved to Israel. At the time defendant TEYMOUR KHOUBIAN made the foregoing statements, he then knew that (i) he owned a bank account at Commerzbank in Germany between 2005 and 2010; (ii) he had not closed his bank account in Germany held at Commerzbank and transferred all of

///

15663188.1

the money in that account to the United States; and (iii) he transferred in excess of $600,000 from his Commerzbank account in Germany to Bank Leumi Israel in 2007 and 2008.

A TRUE BILL

/S/
Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


THOMAS COKER
Assistant United States Attorney
Chief, Tax Division

ELLEN M. QUATTRUCCI
CHRISTOPHER S. STRAUSS
Trial Attorneys
Department of Justice, Tax Division

16